### August Bane, Joseph Bane, Mary E. Bane, and Mary Ann Bane v. John Bean.

*Deed of land for purpose of highway—Action by township.*

Two adjoining land-owners conveyed to a third, whose land lay back of theirs, a strip of land one rod wide on each side of the dividing line of their respective farms, to enable the grantee to reach the highway, *subject* to the right of the public to the use of said granted premises.

    *Held*, in a suit by one of the grantors against the other for obstructing the right of way so granted, that it was not necessary that the town should lay out a public highway over the granted premises before plaintiffs could avail themselves of their free use, which right was secured to them under the deed without any action by the township, the deed itself limiting the purpose for which the land could be used to a public way.

    *Held*, further, that the public were at liberty to use the way as soon as it was opened, and the laying out of a public highway over the parcels deeded could have no other effect than to make the township responsible for its repair.

Error to Muskegon. (Russell, J.) Argued November 3, 1886. Decided November 17, 1886.

Trespass. Defendant brings error. Affirmed. The facts are stated in the opinion.

*C. C. Chamberlain,* for appellant: .

The public never accepted the two rods as a way: *People v. Jones,* 6 Mich. 176, 184; *Tillman v. People,* 12 Id. 401, 407; *Baker v. Johnston,* 21 Id. 319, 340, 344; *Wayne Co. v. Miller,* 31 Id. 447.

A right to an incorporeal hereditament can only be conveyed by deed: *Thompson v. Gregory,* 4 Johns. 81; *Russell v. Scott,* 9 Cow. 279; *Pitkin v. L. I. R. R. Co.,* 2 Barb. Ch. 221.

*Jones & Price,* for plaintiffs.

SHERWOOD, J. In January, 1884, Hubert Stein owned a farm lying immediately back of the farms of the parties to this suit, which could not be reached by any public highway.

On the seventeenth day of January, 1884, the plaintiffs and defendant conveyed to Stein a strip of land on each side of the line between them, and extending back to Stein's land, for the purpose of enabling the latter to reach the highway without crossing his neighbor's land. The portion of the deed material in this case reads as follows:

"Witness, that the said parties of the first part, for and in consideration of the sum of seventy dollars, to them in hand paid by the said parties of the second part, the receipt whereof is hereby confessed and acknowledged, do by these presents grant, bargain, sell, remise, release, and forever quitclaim unto the said parties of the second part, and to the heirs and assigns, forever, of the said Hubert Stein, the following described lands, to be used solely for a public way or highway, to wit: One rod in width from the south end of lot five (5) of section twenty-five (25), and one rod in width from the north end of the north-east quarter of the north-east quarter of section thirty-six (36), of township eleven (11) north, of range fifteen (15) west, in the county of Muskegon and State of Michigan, together with all and singular the hereditaments and appurtenances thereunto belonging or in anywise appertaining; to have and to hold the said prem-

ises to the said parties of the second part, and to the heirs and assigns of the said Hubert Stein, to the sole and only proper use, benefit, and behoof of the said second parties, to the heirs and assigns, forever, of said Hubert Stein, subject to the right of the public to the right of way over such premises.''

After the delivery of this deed the plaintiffs removed their part of the line fence back upon the line of the right of way granted. The defendant, instead of doing the same, allowed his fence to remain upon the old line, and built a fence across each end of the right of way, and used the same for pasturage, including the part the plaintiffs had fenced out, claiming the right to do so by consent of Stein.

The plaintiffs bring trespass on the case for the injury done to the right of way by obstructing it with fences in such manner that they were deprived of its use for a long space of time.

They were permitted to recover at the circuit, and defendant brings error.

The jury found for the plaintiffs under a proper charge by the court, so that the facts were found as claimed by the plaintiffs.

We think the verdict and judgment were correct.

When the plaintiffs made their deed to Stein, they reserved the use of the ground for the purpose of a public highway, which would allow the plaintiffs the *free* use thereof, unobstructed by the defendant, Mr. Stein, or any other person. It is very clear that it was the intention of all the parties to the deed not only to secure a right of way out to Mr. Stein, but that it should remain open to the entire public. It was not necessary that the town should have laid out a highway over the premises in question before the plaintiffs could avail themselves of its free use. That was secured to them under the deed, without any action on the part of the township.

The deed itself limits the purpose for which the land can be used, and that is a public way.

Under this deed the public were at liberty to use this way as soon as it was opened, and the laying out of a public highway over the parcel could have no other effect than to make the township responsible for its repair. *People v. Jones,* 6 Mich. 176; *Tillman v. People,* 12 Id. 401; *Wayne Co. v. Miller,* 31 Id. 447; *Baker v. Johnston,* 21 Id. 319.

No error was committed in receiving the deed in evidence. The judgment must be affirmed.

The other Justices concurred.